**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF MASSACHUSETTES**
-------------------------------------x
**THOMAS CORD RAGO II ("Mr.Rago")**
                    **Plaintiff,**

            **-Against-**

**VALERIE RAGO Samaroo ("Miss.Samaroo")**                    04cv30140

**David M. Fuller** ("Judge fuller")
Individually, and in his official capacity

**Massachusetts department of social services**
Individually, and in his official capacity

-------------------------------------x
            **Defendant(s)**

                    <u>**COMPLAINT**</u>

            <u>**Introduction and Jurisdiction**</u>

                    <u>Parties</u>

1.    Plaintiff THOMAS CORD RAGO II ("Mr. Rago") a Natural person domiciled
      At 101-11 102nd street Ozone Park, N.Y. 11416 and holding a residence at
      934 West 1st Street Yuma, AZ 85364

2.    Defendant: Valerie Rago Samaroo ("Miss Samaroo")  a Natural person
      Domiciled at 815 beacon circle Springfield, MA

3.    Defendant: David M. Fuller ("Judge Fuller") is the justice of Hamden
      county Probate and Family Court 50 State ST. Springfield, MA. He is sued
      in his individual and official capacities.

4.    Defendant: Commonwealth of Massachusetts Department of Social Services
      Robert Van Wart area Office 112 industry Ave.  Office Springfield, MA 01104
      in their individual and official capacities.

1.  **This is a complaint for relief under 42 U.S.C. §1983, 28 U.S.C. § 1738**

    with pendant state claims, against Miss.Samaroo, Judge Fuller,

    Department of Social Services in the Massachusetts Court system: in their individual and

    official capacities.

a.  <u>For declaratory and injunctive relief</u> – Defendant(s), in conspiracy with

    Judge Fuller and each other, violated Mr.Rago protected first Amendment freedom

    of petition, and First, Fifth and ninth Fourteenth Amendment due process rights by

    meaningful remedy. [fn1] [fn2]

b.  <u>For damages</u> - Defendants, individually and in conspiracy with each other,

    deprived Mr.Rago of due process of law in that Massachusetts State Courts

    since 2003. Judge Fuller did violate Mr.Rago rights by violating U.S.C. § 1738 [fn1]

    resulting in the "kidnapping" of his sons under color of state law. Resulting violating

    Mr.Rago's right to be a parent without due process.

[fn1] U.S.C. § 1738

The Acts of the legislature of any State, Territory, or Possession of the
United States, or copies thereof, shall be authenticated by affixing the seal of
such State, Territory or Possession there to. The records and judicial
proceedings of any court of any such State, Territory or Possession, or copies
thereof, shall be proved or admitted in other courts within the United States
and its Territories and Possessions by the attestation of the clerk and seal of the
court annexed, if a seal exists, together with a certificate of a Judge of the court
that the said attestation is in proper form:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the
same full faith and credit in every court within the United States and its Territories and
Possessions as they have by law or usage in the courts of such State, Territory or Possession
from which they are taken.

[fn2] TITLE 18, U.S.C., SECTION 242

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects
any person in any State, Territory, Commonwealth, Possession, or District to the deprivation

of any rights, privileges, or immunities secured or protected by the Constitution or laws of the
United States... shall be fined Under this title or imprisoned not more than one year, or
both, and if bodily injury results from the acts committed in violation of this section or if such
acts include the use, attempted use, or threatened use
of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not
more than ten years, or both; and if death results from the acts committed in violation of this
section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or
an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this
title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

c. Judge Fuller and the Department of social services has assisted, aided and abetted

Miss.Samaroo when he has given a judgment of false jurisdiction, and custody though

interstate parental kidnapping, forum shopping, and given untrue testimony, filing false charges

to encourage illegal finding only after Miss.Samaroo had been caught hiding the children. In

violation of 28 USC § 1738A (g) or the UCCJA (sec. 6).


For Pendant State Claims - Defendants, by their actions intentionally interfered with Mr. Thomas

Cord Rago II parent-child relationship, by their fraudulent and malicious deceitful actions:

where as they, did not follow the guide lines set fourth be the General Laws of Massachusetts

(M.G.L)Ch. 209b sec.12 and/or the Parental Kidnapping Act (PKPA) 28 USC § 1738A

(2002) (C) (2) (A); (c) (2) (B) and 28 USC § 738A (d) (g) Interstate protection / Full faith and credit

given to child custody registration.

But did act as private individuals. [fn2]

Jurisdiction for this action

a. is pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332 as it deals with a civil complaint

arising under the Constitution and laws of the United States, more specifically,

42 U.S.C. §1983, and the 1st, 5th and 14th Amendments to the United States Constitution.

Jurisdiction of the pendant state claim is pursuant to 28 U.S.C. §1367, as it is

founded on essentially the same factual foundation.

5. The Commonwealth of Massachusetts, by virtue of Articles V [fn3] and XI [fn4] of the

Massachusetts Declaration of Rights, has made itself accountable for suit in

Federal Court, precluding immunity under the Eleventh Amendment of the United States

Constitution.

[fn3] Article V. All power residing originally in the people, and being derived from them, the several magistrates and officers of government, vested with authority, whether legislative, executive, or judicial, are their substitutes and agents, and are at all times accountable to them.

[fn4] Article XI. Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

6. Plaintiff demands a trial by Jury.

## 7. **Clarification**

1. This is a claim of civil rights violation question and doesn't request any assistance in deciding

parental issues. The question before this court is as such: Did David Fuller acting under the color of

law; violate Thomas Rago II 's Rights as a citizen of this united states by helping the child

snatching mother Valerie Samaroo, while acting as judge. When he modified and didn't give full

faith and credit to Mr. Rago's registered out of state custody order from the state of Arizona court?

With out regard to the stated laws (Article IV U.S. Constitution section 1)

2. Department of social services did in fact lie in writing, to cover their own misdoings after

 Mr. Rago.  Tried to file changes against their employee for violation of rights and miss treatment of

 children in their care .

3. Did David Fuller modify said order without due process acting with out authority?

4. Did David Fuller violation of Mr. Rago's rights cause irreversible harm to his civil rights?

8. **Legal standing**

Reality of private biases and possible injury they might inflict were impermissible considerations

under the Equal Protection Clause of the 14th Amendment. Palmore v. Sidoti, 104 S Ct 1879; 466

US 429. The parent-child relationship is a liberty interest protected by the Due Process Clause of

the 14th Amendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242^Q45; US Ct App 7th Cir

WI, (1985).

The Constitution also protects "the individual interest in avoiding disclosure of personal matters."
Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of
happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care,
company, love and affection of his children, and this cannot be taken away from him without due
process of law. There is a family right to privacy which the state cannot invade or it becomes
actionable for civil rights damages. Griswold v. Connecticut, 381 US 479, (1965).

**Article IV U.S. Constitution section 1**

Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings
of every other state. And the Congress may by general laws prescribe the manner in which such
acts, records, and proceedings shall be proved, and the effect thereof.

**Section 2**. The citizens of each state shall be entitled to all privileges and immunities of citizens in
the several states.

A person charged in any state with treason, felony, or other crime, who shall flee from justice, and
be found in another state, shall on demand of the executive authority of the state from which he fled,
be delivered up, to be removed to the state having jurisdiction of the crime.

The United States Supreme Court has held in Quilloin v. Walcott, 434 U.S. 246, 98
S. Ct. 549, 54 L.Ed. 2d 511 that:

**We have recognized on numerous occasions that the relationship between parent and child
is constitutionally protected. See, e.g., Wisconsin v. Yoder, 406 U.S. 205, 231-233, 92 S.Ct.
1526, 1541-42 L.Ed.2d 15 (1972); Stanley v. Illinois, supra; Meyer v. Nebraska, 262 U.S. 390,
399-401, 43 S.Ct. 625, 626-27, 67 L.Ed. 1042 (1923). "It is cardinal with us that the custody,
care and nurture of the child reside first in the parents, whose primary function and freedom
include preparation for obligations the state can neither supply nor hinder." Prince v.
Massachusetts, 321 U.S. 158, 166, 64 S.Ct. 438, 442, 88 L.Ed. 645 (1944). And it is now firmly
established that "freedom of personal choice in matters of... family life is one of the liberties
protected by the Due Process Clause of the Fourteenth Amendment." Cleveland
Board of Education v. LaFleur, 414 U.S. 632, 639-640, 94 S.Ct. 791, 796, 39 L.Ed.2d 52 (1974).**

Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411;

Pfizer v. Lord, 456 F 2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

**State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).**

**The rights of parents to the care, custody and nurture of their children is of such character that it cannot be denied without violating those fundamental principles of liberty and justice which lie at the base of all our civil and political institutions, and such right is a fundamental right protected by this amendment (First) and Amendments 5, 9, and 14.   Doe v. Irwin, 441 F Supp 1247; U.S. D.C. of Michigan, (1985).**

The several states has no greater power to restrain individual freedoms protected by the First Amendment than does the Congress of the United States.  Wallace v. Jaffree, 105 S Ct 2479; 472 US 38, (1985).

Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Though First Amendment rights are not absolute, they may be curtailed only by interests of vital importance, the burden of proving which rests on their government. Elrod v. Burns, 96 S Ct 2673; 427 US 347, (1976).

Law and court procedures that are "fair on their faces" but administered "with an evil eye or a heavy   hand" are discriminatory and violates the equal protection clause of the Fourteenth Amendment. Yick Wo v. Hopkins, 118 US 356, (1886).

Even when blood relationships are strained, parents retain vital interest in preventing irretrievable  destruction of their family life; if anything, persons faced with forced dissolution of their parental  rights have more critical need for procedural protections than do those resisting state interventioninto ongoing family affairs. Santosky v. Kramer, 102 S Ct 1388; 455 US 745, (1982).

Parents have a fundamental constitutionally protected interest in continuity of legal bond with their children.    Matter of Delaney, 617 P 2d 886, Oklahoma (1980). .

The liberty interest of the family encompasses an interest in retaining custody of one's children and,  thus, a state may not interfere with a parent's custodial rights absent due process protections. Langton v. Maloney, 527 F Supp 538, D.C. Conn. (1981).

Parent's right to custody of child is a right encompassed within protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect. Reynold v. Baby Fold, Inc., 369 NE 2d 858; 68 Ill 2d 419, appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977).

Parent's interest in custody of her children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection. In the Interest of Cooper, 621 P 2d 437; 5 Kansas App Div 2d 584, (1980).

The Due Process Clause of the Fourteenth Amendment requires that severance in the parent-child relationship caused by the state occur only with rigorous protections for individual liberty interests at stake. Bell v. City of Milwaukee, 746 F 2d 1205; US Ct App 7th Cir WI, (1984).

Father enjoys the right to associate with his children which is guaranteed by this amendment (First) as incorporated in Amendment 14, or which is embodied in the concept of "liberty" as that word is used in the Due Process Clause of the 14th Amendment and Equal Protection Clause of the 14th Amendment. Mabra v. Schmidt, 356 F Supp 620; DC, WI (1973).

The United States Supreme Court noted that a parent's right to "the companionship, care, custody and management of his or her children" is an interest "far more precious" than any property right. May v. Anderson, 345 US 528, 533; 73 S Ct 840, 843, (1952).

A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution.In re: J.S. and C., 324 A 2d 90; supra 129 NJ Super, at 489.

The Court stressed, "the parent-child relationship is an important interest that undeniably warrants deference and, absent a powerful countervailing interest, protection." A parent's interest in the companionship, care, custody and management of his or her children rises to a constitutionally secured right, given the centrality of family life as the focus for personal meaning and responsibility. Stanley v. Illinois, 405 US 645, 651; 92 S Ct 1208, (1972).

Parent's rights have been recognized as being "essential to the orderly pursuit of happiness by free man." Meyer v. Nebraska, 262 or 426 US 390 ; 43 S Ct 625, (1923).

The U.S. Supreme Court implied that "a (once) married father who is separated or divorced from a mother and is no longer living with his child" could not constitutionally be treated differently from a currently married father living with his child. Quilloin v. Walcott, 98 S Ct 549; 434 US 246, 255-56, (1978).

The U.S. Court of Appeals for the 9th Circuit (California) held that the parent-child relationship is a constitutionally protected liberty interest. (See; Declaration of Independence --life, liberty and the pursuit of happiness and the 14th Amendment of the United States Constitution -- No state can deprive any person of life, liberty or property without due process of law nor deny any person the equal protection of the laws.) Kelson v. Springfield, 767 F 2d 651; US Ct App 9th Cir, (1985).

The parent-child relationship is a liberty interest protected by the Due Process Clause of the 14thAmendment. Bell v. City of Milwaukee, 746 f 2d 1205, 1242-45; US Ct App 7th Cir WI, (1985).

No bond is more precious and none should be more zealously protected by the law as the bond between parent and child."   Carson v. Elrod, 411 F Supp 645, 649; DC E.D. VA (1976).

A parent's right to the preservation of his relationship with his child derives from the fact that the parent's achievement of a rich and rewarding life is likely to depend significantly on his ability to participate in the rearing of his children. A child's corresponding right to protection from interference in the relationship derives from the psychic importance to him of being raised by a loving, responsible, reliable adult. Franz v. U.S.,  707 F 2d 582, 595-599; US Ct App (1983).

A parent's right to the custody of his or her children is an element of "liberty" guaranteed by the 5th Amendment and the 14th Amendment of the United States Constitution. Matter of Gentry, 369 NW 2d 889, MI App Div (1983).

Reality of private biases and possible injury they might inflict were impermissible considerations under the Equal Protection Clause of the 14th Amendment.  Palmore v. Sidoti, 104 S Ct 1879; 466 US 429.

Legislative classifications which distributes benefits and burdens on the basis of gender carry the inherent risk of reinforcing stereotypes about the proper place of women and their need for special protection; thus, even statutes purportedly designed to compensate for and ameliorate the effects of past discrimination against women must be carefully tailored. the state cannot be permitted to classify on the basis of sex. Orr v. Orr, 99 S Ct 1102; 4340 US 268 , (1979).

The United States Supreme Court held that the "old notion" that "generally it is the man's primary responsibility to provide a home and its essentials" can no longer justify a statute that discriminates on the basis of gender. No longer is the female destined solely for the home and the rearing of the family, and only the male for the marketplace and the world of ideas. Stanton v. Stanton, 421 US 7, 10; 95 S Ct 1373, 1376, (1975).

Judges must maintain a high standard of judicial performance with particular emphasis upon conducting litigation with scrupulous fairness and impartiality. 28 USCA § 2411;

Pfizer v. Lord, 456 F 2d 532; cert denied 92 S Ct 2411; US Ct App MN, (1972).

State Judges, as well as federal, have the responsibility to respect and protect persons from violations of federal constitutional rights. Gross v. State of Illinois, 312 F 2d 257; (1963).

The Constitution also protects "the individual interest in avoiding disclosure of personal matters." Federal Courts (and State Courts), under Griswold can protect, under the "life, liberty and pursuit of happiness" phrase of the Declaration of Independence, the right of a man to enjoy the mutual care company, love and affection of his children, and this cannot be taken away from him without due process of law. There is a family right to privacy which the state cannot invade or it becomes actionable for civil rights damages.   Griswold v. Connecticut, 381 US 479, (1965).

**The right of a parent not to be deprived of parental rights without a showing of fitness, abandonment or substantial neglect is so fundamental and basic as to rank among the rights contained in this Amendment (Ninth) and Utah's Constitution, Article 1 § 1. In re U.P., 648 P 2d 1364;Utah, (1982).**

The rights of parents to parent-child relationships are recognized and upheld. Fantony v. Fantory, 122 A 2d 593, (1956); Brennan v. Brennan, 454 A 2d 901, (1982).

State's power to legislate, adjudicate and administer all aspects of family law, including determinations of custodial; and visitation rights, is subject to scrutiny by federal judiciary within reach of due process and/or equal protection clauses of 14th Amendment...Fourteenth Amendmen applied to states through specific rights contained in the first eight amendments of the Constitution which declares fundamental personal rights...Fourteenth Amendment encompasses and applied to states those preexisting fundamental rights recognized by the Ninth Amendment. The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions has recognized that matters involving marriage, procreation, and the parent-child relationship are among those fundamental "liberty" interests protected by the Constitution. Thus, the decision in Roe v. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was recently described by the Supreme Court as founded on the "Constitutional underpinning of ... a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life."

The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected status of the relationship as the majority does, and yet deny protection under **Title 42 USC § 1983,** to visitation, which is the exclusive means of effecting that right, is to negate the right completely.
Wise v. Bravo, 666 F 2d 1328, (1981).

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

[5] "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

"A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be literally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the

complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPER HANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

"A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958) "FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774


9.   WHEREFORE, plaintiff:

a. Demands Judgments against the defendants: Compensatory damages

In the amount of five Million dollars.

b. Permanent injunction from Massachusetts Courts having any Past or future influences on any

Rago-Samaroo family matters.

c. Any further relief which the Court may deem appropriate.

Thomas cord Rago II
101-11 102nd street
Ozone park, N.Y.11416
Phone # 718 441 4907