UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS CORD RAGO, II,<br>    Plaintiff<br><br>v.<br><br>VALERIE RAGO SAMAROO;<br>DAVID M. FULLER; and<br>MASSACHSUETTS DEPARTMENT<br>OF SOCIAL SERVICES,<br>    Defendants | Civil Action No. 04-30148-MAP |
| THOMAS CORD RAGO, II,<br>    Petitioner<br><br>v.<br><br>VALERIE RAGO SAMAROO and<br>DAVID M. FULLER,<br>    Respondents | Civil Action No. 04-30187-MAP |

REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL
October 1, 2004

NEIMAN, U.S.M.J.

Thomas Rago, ("Rago"), proceeding pro se, has submitted for filing two actions, both of which have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and District Judge Michael A. Ponsor's Standing Order dated August 5, 2002. For the reasons stated below, the court recommends that each of these actions be summarily dismissed.

I. BACKGROUND

On July 23, 2004, Rago filed an application to proceed without prepayment of

fees together with a complaint naming as defendants his former wife, the Massachusetts Department of Social Services ("DSS"), and Judge David M. Fuller ("Judge Fuller") of the Hampden County Probate and Family Court.  The complaint, which has been assigned case number 04-30148, alleges that Rago's constitutional rights under the First, Fifth, Ninth and Fourteenth Amendments were violated by the defendants' alleged conspiracy.  (Complaint at 2.)  Rago indicates that he initiated proceedings in the Hampden County Superior Court to enforce an Arizona state court order granting him custody of his son and that Judge Fuller issued an order that failed to give "full faith and credit" to the Arizona court order.  (*Id.* at 2-4.)

On September 9, 2004, Rago filed a second action in the form of a petition for a writ of habeas corpus, this time naming his former wife and Judge Fuller as respondents.  The petition has been assigned case number 04-30187.  Within the petition, Rago makes essentially the same claims as those asserted in his first complaint, but also refers to Federal Rule of Civil Procedure 60(b).  (Petition at 1-10.)  Attached to the petition are copies of orders from the Hampden County Superior Court, including an order issued by Judge Fuller on August 18, 2004, that stayed Rago's request for a writ until after October 18, 2004.  According to Judge Fuller, who consulted with the judge presiding over the proceedings involving Rago in Arizona, the Arizona court was in the best position to determine whether its judgment of divorce was valid "in light of [Rago's] possible failure to fully advise the forum courts of the entire record of prior or pending custody proceedings."  (*Id.*, Exhibit 2.)

In his first civil complaint, Rago seeks damages in the amount of five million

2

dollars and a "permanent injunction from [sic] Massachusetts Courts having any past or future influences on Rago-Samaroo family members." (Complaint at 10.) In his habeas petition, Rago seeks the same injunctive relief, as well as an order finding the judgments of the Massachusetts court "moot," and requests that this federal court "grant [him] full faith and credit for his outstanding custody [order]." (Petition at 10.)

## II. DISCUSSION

After discussing the relevant screening standards, the court will separately address Rago's civil complaint and his habeas petition. In the end, the court will recommend that both be dismissed.

A. The Court may Screen These Actions.

The civil complaint may be screened by the court pursuant to 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim lacks an arguable or rational basis in law when it is brought against a defendant who is clearly entitled to immunity or involves the infringement of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-328 (interpreting former § 1915(d)). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); *Mack v. Massachusetts*, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction).

According to the Supreme Court, complaints containing claims based on indisputably meritless legal theories or factual allegations that are clearly baseless may be dismissed *sua sponte* and without notice. *See Neitzke*, 490 U.S. at 327-28; *Denton*, 504 U.S. at 32-33.

Here, the court has determined that Rago is unable to pay the costs of filing his first complaint. Accordingly, by separate order, leave to proceed *in forma pauperis* has been granted. However, a summons has not issued in order to allow the court to review Rago's civil complaint to determine whether it satisfies the requirements of section 1915. *See Neitzke*, 490 U.S. at 324 (review may occur prior to issuance of process to spare prospective defendants the inconvenience and expense of answering defective complaint). Similarly, under Rule 4(b) of the Rules Governing Section 2254 Cases, the court is required to examine Rago's habeas petition and, if it "plainly appears from the face of the motion. . . that [he] is not entitled to relief," the court "shall make an order for its summary dismissal." Rule 4(b).[1] *See also* 28 U.S.C. § 2243 (petition may be dismissed if it appears legally insufficient on its face); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (same); *Marmol v. Dubois*, 885 F. Supp. 444, 446 (D. Mass. 1994) (a petition for a writ of habeas corpus may be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law).

B. <u>The Civil Complaint is Subject to Dismissal.</u>

---

[1] Although Rago apparently brings his habeas petition under Federal Rule of Civil Procedure 60(b), the rules governing section 2254 habeas cases may be applied at the discretion of this Court to habeas petitions such as this one. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Preliminarily, the court notes that the Full Faith and Credit Clause, in either its constitutional or statutory incarnations, does not appear to provide Rago with an implied federal cause of action. *Thompson v. Thompson*, 484 U.S. 174, 182 (1988) (citing *Minnesota v. N. Sec. Co.*, 194 U.S. 48, 72 (1904)). In any event, the court believes that Rago's civil complaint is subject to dismissal under section 1915 because (1) Judge Fuller, as a judicial officer, is entitled to absolute judicial immunity; (2) DSS has Eleventh Amendment immunity; (3) under the *Rooker-Feldman* doctrine, a federal court may not review the decisions of state courts; and (4) under the "domestic-relations" exception, a court should decline to exercise jurisdiction over any of Rago's state law claims.

1. Absolute Judicial Immunity

Rago's claims against Judge Fuller are premised entirely on Rago's disagreement with Judge Fuller's judicial decisions and his claims that Judge Fuller "conspired" with the other defendants. Judicial officers, however, are entitled to absolute immunity for actions taken within the scope of their jurisdiction, including immunity from claims of conspiracy. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges); *Allard v. Estes*, 197 N.E. 884, 886 (Mass. 1935) (stating

5

that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law").  Accordingly, the court will recommend that the claims against Judge Fuller be dismissed.

    2. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XIV.  Accordingly, DSS, as an agency of the Commonwealth, is not subject to suit in this court.  *See Alabama v. Pugh*, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (citing *Pugh*) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought").  *Cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); *Quern v. Jordan*, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting § 1983); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).  As a result, the court will recommend that Rago's claims against DSS also be dismissed.

    3. <u>The Rooker-Feldman Doctrine</u>

To the extent that Rago seeks to have this court review, on the merits, any of the decisions of the Hampden County Superior Court, it lacks subject-matter jurisdiction. According to the *Rooker-Feldman* doctrine, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions. *See, e.g., Hill v. Town of Conway*, 193 F.3d 33, 34 (1st Cir. 1999); *Wang v. New Hampshire Bd. of Registration*, 55 F.3d 698, 703 (1st Cir. 1995).[2] The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court. *See Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16.

Of particular relevance here, the *Rooker-Feldman* doctrine precludes a federal action if the relief requested would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. *See Feldman*, 460 U.S. at 486 (1983) ("[Federal district courts] do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). *See also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (holding that *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself

---

[2] The *Rooker-Feldman* doctrine is a distillation of two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *See Hill*, 193 F.3d at n. 1 (describing history of doctrine).

7

violates the loser's federal rights"); *Mandel v. Town of Orleans*, 326 F.3d 267, (1st Cir. 2003) (observing that *Rooker-Feldman* doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party). Thus, to the extent that Rago seeks to have a federal court review the decisions of the Hampden County Superior Court and determine that they are incorrect or "moot," this court will recommend that those claims be dismissed.

    4. <u>The Domestic-Relations Exception</u>

To the extent that Rago brings any state law claims in his complaint, they are subject to dismissal pursuant to the domestic-relations exception. Federal courts have traditionally declined to exercise jurisdiction over matters involving domestic relations, such as divorce and custody disputes, even though diversity and the jurisdictional amounts are present for purposes of jurisdiction. *See Elk Grove Unified School Dist. v. Newdow*, 124 S. Ct. 2301, 2309 (June 14, 2004) (describing doctrine) (citations omitted); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (same). The "domestic relations" exception governs claims over child custody, such as those made by Rago, even where they are cloaked in the "trappings" of another type of claim. *Mandel*, 326 F.3d at 271.

Here, the complaint is nothing more than a thinly-veiled attempt to seek relief from this court concerning a domestic relations custody order. Accordingly, the court will recommend that Rago's state law claims be dismissed. *See, e.g., Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1079 (5th Cir. 1990) (affirming dismissal; exception applies if hearing the claim will necessitate the court's

involvement in domestic issues by requiring inquiry into the marital or parent-child relationship).

C. <u>The Habeas Petition is Subject to Dismissal.</u>

In his habeas petition, Rago appears to assert that a federal court has jurisdiction over state court child custody disputes. Petitioner is mistaken.

To be sure, the term "custody" is used in the habeas statutes.[3] The term does not, however, refer to parental custody of a child or custody orders imposed by state courts. *See Lehman v. Lycoming County Children's Servs.*, 458 U.S. 502, 514-16 (1982). A federal habeas petition challenging a state court's child-custody determination, as is the situation here, simply seeks to relitigate the petitioner's parental rights. It is well settled, however, that federal courts have no jurisdiction in habeas corpus to determine a parent's right to custody of his minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution. *See id.*, 515-16; *Hemon v. Office of Public Guardian*, 878 F.2d 13, 14 (1st Cir. 1999) (stating that "it is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody"). Accordingly, the court will recommend that Rago's habeas petition be dismissed as well. *See Lambert v. Pasquotank County*

---

[3] Section 2254, under which Rago purports to proceed, confers jurisdiction on district courts to issue writs "on behalf of a person *in custody* pursuant to the judgment of a State court. . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Similarly, section 2241 of title 28 confers jurisdiction on district courts to issue writs of habeas corpus based on petitions from state or federal prisoners who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3) (emphasis added).

*Dept. of Social Servs.*, 46 F.3d 1125, 1125 (4th Cir. 1995) (affirming dismissal of petition).

### III.  CONCLUSION

For the foregoing reasons, the court hereby recommends that Rago's civil complaint in Civil Action No. 04-30148 and his habeas petition in Civil Action No. 04-30189 both be summarily DISMISSED.[4]

DATED: October 1, 2004

                                            /s/ Kenneth P. Neiman
                                            KENNETH P. NEIMAN
                                            U.S. Magistrate Judge

---

[4]  Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).